**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RENE HERRERA WILSON,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; et al.,

Respondents.

Case No.: 26cv2729 DMS (DEB)

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a response to the Petition, and Petitioner filed traverse. After reviewing the parties' briefs, the Court requested Respondents file a status report setting out the status of their efforts to remove Petitioner. In their status report filed on August 20, 2026, Respondents had no additional information. Petitioner now requests the Court order his release.

Petitioner Rene Herrera Wilson came to the United States in 1994 as a Cuban refugee. (Pet. at 2.) Since his arrival, Petitioner has been convicted of a variety of crimes and served multiple sentences in state court. (Decl. of Jason Cole in Supp. of Return at 2.) As a result of those crimes, the Government initiated removal proceedings against Petitioner, and in 1997 ordered him removed to Cuba. (*Id.*) Those removal efforts were

unsuccessful, and in 1998 Petitioner was released from immigration custody. (*Id.*) Petitioner was returned to immigration custody multiple times over the next 20-plus years as a result of additional criminal convictions in state court, but efforts to remove Petitioner were again unsuccessful and he was repeatedly released. (*Id.*) Petitioner's most recent stint in immigration detention began on April 16, 2026. (*Id.* at 4.) Respondents have been trying to find a third country willing to accept Petitioner upon his removal, but to date, those efforts have been unsuccessful. (*Id.*)

On April 29, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises three claims. First, he argues his re-detention violated the applicable regulations, and therefore violated his due process rights and the Administrative Procedures Act ("APA"). Second, Petitioner asserts his continued re-detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. ¶ 1231. Third, Petitioner argues he cannot be removed to a third country with adequate notice and an opportunity to be heard. Respondents dispute they violated the applicable regulations in re-detaining Petitioner. They also assert they have rebutted any showing that there is no significant likelihood Petitioner will be removed in the reasonably foreseeable future. Respondents also state they will provide Petitioner with due process if they are able to find a third country willing to accept him.

This Court has addressed similar situations in other cases, and as in those cases, the evidence here does not satisfy Respondents' burden to show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Thus, despite Petitioner's lengthy and serious criminal history, which warrants his removal from the United States, Petitioner's present detention is unlawful and he must be released.[1]

---

[1] Because the Court grants the Petition on this ground, the Court declines to address Petitioner's claim that Respondents violated the applicable regulations. The Court also declines to address Petitioner's third claim requiring Respondents to follow certain procedures prior to any third country removal. The Court notes, however, that any kind of "surprise removal" like the one Petitioner fears would likely "'present due process issues.'" *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *8 (S.D. Cal.

In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **September 8, 2026**, confirming Petitioner has been released.

**IT IS SO ORDERED**.

Dated: August 31, 2026

Hon. Dana M. Sabraw
United States District Judge

---

Dec. 10, 2025) (quoting *Esmail v. Noem*, No. 25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6-7 (C.D. Cal. Sept. 26, 2025)).